## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**RYAN BULLOCK,**                                            Case Number:

    **Plaintiff,**

**v.**

**ALTIMA LIGHTING AND**
**ELECTRICAL CONTRACTING CORP.,**

    **Defendant.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ryan Bullock, by and through his undersigned counsel, hereby brings this action against Defendant, Altima Lighting and Electrical Corp., for the recovery of damages in the form of unpaid overtime wages owed to Plaintiff by Defendant. Plaintiff brings this action before the Court and against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. In further support of Plaintiff's claim, Plaintiff states as follows:

## Parties

1. Plaintiff is a qualified male and resident of Florida and was employed by Defendant as a permit specialist and was hired to obtain permits from local governments on behalf of Defendant.

2. Defendant is an electrical and utility enterprise headquartered in Riviera Beach, Florida.

## Jurisdiction

3. Defendant is a domestic, for-profit electrical and utility enterprise headquartered in Palm Beach County, Florida.

4. Defendant provides electrical and utility services throughout Palm Beach County, Florida and other surrounding counties in South Florida.

5. Plaintiff is a Florida resident who resides in Palm Beach County, Florida.

6. Plaintiff was employed by Defendant in Palm Beach County, Florida.

7. The events giving rise to this action occurred in Palm Beach County, Florida.

8. Jurisdiction and venue are proper in the Southern District of Florida – West Palm Beach Division because Defendant is headquartered in the Southern District of Florida.

Factual Allegations

9. Plaintiff was paid by Defendant as a salaried employee.

10. Plaintiff was paid on a salary basis during his employment with Defendant.

11. Plaintiff was employed by Defendant from approximately May 17, 2021, until approximately March 11, 2022.

12. From approximately May 17, 2021, until December 31, 2021, Plaintiff regularly and routinely worked more than 40 hours during each workweek.

13. Because Defendant paid Plaintiff a "salary" Plaintiff was not paid overtime wages during his employment.

14. Plaintiff was not paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek for Defendant.

15. Despite the fact that Defendant classified Plaintiff as "exempt," Plaintiff was a non-exempt employee not subject to any exemptions or exceptions under the FLSA and was entitled to be paid premium wages for all hours worked beyond forty (40) in a single workweek.

16. Plaintiff was engaged by Defendant to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

17. Defendant owns and operates an electric and utilities company known as "Altima Lighting and Electrical Contracting Corp."

18. During Plaintiff's employment, Defendant suffered and permitted Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all hours that he worked.

19. Defendant paid Plaintiff for 40 hours worked per week from May 17, 2021, through December 31, 2021, without regard to the actual amount of hours Plaintiff worked each week.

20. Defendant did not provide Plaintiff with any system or mechanism for recording the hours he worked each week of his employment.

21. Defendant engaged in the illegal practice of willfully and intentionally misclassifying Plaintiff as a "salaried" and "exempt employee" in order to avoid paying Plaintiff overtime wages for hours worked beyond 40 in a single workweek.

22. Defendant's intentional misclassification was done in order to avoid paying Plaintiff's overtime wages when Plaintiff worked more than 40 hours per week.

23. Defendant engaged in willful and intentional misclassification throughout the entirety of Plaintiff's employment. Defendant's illegal intentional misclassification affected each week of Plaintiff's employment.

24. Plaintiff routinely worked more than 40 hours in a single workweek. However, Defendant paid Plaintiff a set salary for all hours worked and did not pay Plaintiff time-and-one-half his regular rate for all hours worked beyond 40 in a single workweek.

25. While employed by Defendant, Plaintiff did not supervise two or more subservient employees.

26. While employed by Defendant, Plaintiff did not routinely or regularly exercise discretion or independent judgment as to matters of significance.

27. Instead, Plaintiff regularly applied established techniques and procedures which did not require Plaintiff to exercise intendent judgment or discretion.

28. A significant portion of Plaintiff's role was to drive to neighborhoods to identify streetlights that were inoperable. Plaintiff did not need any special training to determine that streetlights were inoperable.

29. A significant portion of Plaintiff's role was to apply for permits with local governments. In so doing, Plaintiff used the forms provided by Defendant and the local government and simply filled in the required information. Plaintiff did not need any special training to complete the permit requests forms.

30. Plaintiff worked for Defendant in Palm Beach County, Florida.

31. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff's overtime wages, even though Plaintiff's habitually worked up to 50 hours a week or more.

32. Plaintiff was never paid time and a half for all hours worked over forty in any given week.

33. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

34. Plaintiff regularly and habitually worked more than 40 hours per week until December 31, 2021 and was not paid overtime wages for the hours worked beyond 40 in a single week.

35. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as he performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the electrical and utilities industry.

36. Plaintiff routinely traveled along highways and byways to perform his streetlight evaluations and other tasks at various locations for Defendant.

37. Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

38. Plaintiff routinely used and installed equipment, materials, and goods that originated out-of-state. Plaintiff received and collected the items that arrived from out-of-state and transported those items to Defendant's clients and customers in Florida.

39. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

40. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Palm Beach County, including those brought pursuant to the FLSA.

41. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the electrical and utilities industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

42. Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and accepts and processes credit card payments from banks located outside of Florida.

43. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA. This would include regularly traveling along highways and byways to perform evaluations for Defendant. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

44. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during his employment with Defendant until December 31, 2021. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who refused to pay Plaintiff premium wages. Notably, Defendant is in exclusive possession of

the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

45. Defendant terminated Plaintiff's employment on March 11, 2022 and Defendant refused to pay Plaintiff his final paycheck.

**COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

47. Plaintiff was entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

48. During his employment with Defendant, Plaintiff regularly worked overtime hours each week in which he was not paid at the correct rate of pay.

49. In Plaintiff's case, he routinely performed labor, at Defendant's specific request for the sole benefit of Defendant and was not paid for the hours he worked.

50. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff the correct premium rate of pay for each hour worked

beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

51.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, and attorney's fees/costs under the FLSA.

## COUNT II – RECOVERY OF UNPAID MINIMUM WAGES

52.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

53.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

54.    Plaintiff was entitled to receive at least minimum wages for all hours by Plaintiff for Defendant.

55.    Plaintiff worked at least 20 hours per week, on average, from January 1, 2022, until March 11, 2022.

56.    Defendant failed, refused, and neglected to pay Plaintiff for his final week of employment.

57.    Defendant engaged in an illegal policy of not paying Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

58. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

59. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, liquidated damages, attorney's fees, and costs.

60. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED: June 14, 2022

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com